UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

DAISY KOGUT,

                      Plaintiff,

      v.                                        **DECISION AND ORDER**
                                                      11-CV-747S

WAL-MART STORES, INC., and
WAL-MART STORES EAST, LP,

                      Defendants.

## I. INTRODUCTION

Plaintiff commenced the instant action seeking damages for injuries she allegedly sustained as a result of negligence at one of Defendant's retail stores. Presently before this Court is Plaintiff's Motion to Remand and for related costs and attorneys' fees. This Court finds the matter fully briefed and oral argument unnecessary. For the reasons stated below, Plaintiff's Motion to Remand is granted and the request for costs and fees is denied.

## II. BACKGROUND

Plaintiff filed a Complaint against Defendant Wal-Mart Stores, Inc., in New York State Supreme Court, Erie County, on November 17, 2010, in which she asserted a single cause of action for negligence. Docket No. 1 at 6-9. An Amended Complaint was filed on January 6, 2011, which added Wal-Mart Stores East, LP,[1] as an additional defendant. Docket No. 1 at 10-14. Plaintiff alleged that on May 19, 2008, while she "was lawfully upon

---

[1] Defendant asserts that 'Wal-Mart Stores East, LP' is "improperly also named as 'Wal-Mart Stores, Inc.,'" <u>see</u> Notice of Removal, Docket No. 1 ¶ 2, therefore this Court will refer to the separately named defendants as a single entity.

1

the premises owned by the Defendant[] and solely through the negligence and carelessness of the Defendant[], [its] agents, servants and employees, she sustained injury due to the presence of a dangerous condition in the form of a sharp metal shelf edge without guards or warnings." Am. Compl. ¶ 6. Plaintiff alleged that she sustained permanent and serious injuries as a result of this negligence, and incurred and would continue to incur medical bills and other expenses as a result. Am. Compl. ¶¶ 9-10.

On January 20, 2011, Plaintiff responded to Defendant's initial discovery demands with, inter alia, Plaintiff's medical records from Mercy Hospital for three separate dates: May 31, 2008; July 24, 2008, and November 9, 2009. Docket No. 1 at 20-21; Affirmation of Michelle A. Hutchinson, Esq., Docket No. 7-2, ¶ 12. Plaintiff also submitted a bill of particulars,[2] in which she further alleged that:

> Based upon the medical records obtained to date, Plaintiff[] has sustained the following injuries: 15 cm full thickness laceration to lateral aspect of right calf which required sutures. Upon information and belief, it will be claimed that all of the aforementioned injuries are permanent and progressive in nature, will require future medical care and treatment and possible further surgical intervention, together with the risks attendant thereto, as well as the development of traumatic arthritis, pain and suffering.
>
> In addition, it will be claimed that these injuries were a substantial factor in causing subsequent falls with additional injuries on July 24, 2008, November 9, 2009, and in October of 2010. Those injuries, upon information and belief, include: subdural hematoma; right humerus fracture; and left arm fracture.

Pl's Bill of Particulars, Docket No. 1 at 22-23, ¶ 8. Each party asserts that the discovery process following this initial disclosure was contentious and delayed through the fault of the other party. Hutchinson Affirm. ¶¶ 29-45; Affidavit of R. Colin Campbell, Esq., Docket

---

[2]Although labeled 'Verified Bill of Particulars,' Plaintiff indicated in its disclosure that a verification page would be forthcoming. Defendants assert no verification page was received. Docket No. 1 at 21, 30.

No. 9, ¶¶ 7-12. Defendant nonetheless admits that medical records from all of Plaintiff's providers except one were received by July 25, 2011. Hutchinson Affirm. ¶ 44. Records from this last provider were received on August 3, 2011, at which time Defendant undertook a review which "revealed that the records from Mercy Hospital were incomplete as they did not include any documentation for the date of the claimed incident, May 31, 2011 when Plaintiff allegedly sought initial treatment there for her claimed injury." Hutchinson Affirm. ¶¶ 45-47. Defendant asserts that "a complete set of the Mercy Hospital records containing the May 31, 2008 documents" was not obtained until September 1, 2011. Hutchinson Affirm. ¶ 51.

Defendant removed the action to this Court on September 8, 2011, arguing that jurisdiction existed by reason of diversity of citizenship. Docket No. 1. In the Notice of Removal, Defendant asserts that the notice was timely filed "because the removability of this action was not apparent to defendants until September 1, 2011, the date on which defendant['s] attorneys received medical records of the treatment of the initial injury claimed by plaintiff to have been caused by defendant from her medical provider confirming treatment for the injury alleged." Notice of Removal ¶ 5. Plaintiff moved to remand the matter back to state court on September 29, 2011.[3]

### III. DISCUSSION

In light of the limited jurisdiction of federal courts and out of respect for states' rights, removal jurisdiction is "strictly construed," with all doubts resolved against removal. In re

---

[3] In support of her Motion to Remand, Plaintiff submitted the Affidavit of R. Colin Campbell, Esq., with Ex. A (Docket No. 4). Defendants opposed the motion with a Memorandum of Law with Appendix, and the Affirmation of Michelle A. Hutchinson, Esq., with Exs. 1-3 (Docket No. 7). Plaintiff responded with a reply Affidavit of Campbell with Exs. A-E and a reply Memorandum of Law (Docket No. 9).

Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007). A defendant may remove an action to federal court based upon diversity of citizenship where all adverse parties are citizens of different states and there is a reasonable probability that the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332 (a); 1446 (a); Herrick Co., Inc. v SCS Commc'ns, Inc., 251 F.3d 315, 322 (2d Cir. 2001); Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000). The removing party bears the burden of establishing proper jurisdiction. United Food & Commercial Workers Union v. Centermark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994).

Plaintiff asserts that remand, as well as an award of costs and fees, is warranted here because Defendant failed to timely file the notice of removal. A defendant is required to file a notice of removal in a civil action "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief" or, if grounds for removal are not stated in that initial pleading, "within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446 (b)(1996)(amended Dec. 2011). Plaintiff argues that Defendant failed to file the notice of removal within 30 days of the filing of the initial Complaint, and further argues that the subsequent acquisition of medical records does not satisfy the alternative requirement of receipt of "other paper" from which the basis for removal may be ascertained. Campbell Aff., Docket No. 4, ¶¶ 4-9.

A case is removable when a pleading, amended pleading, motion, order or "other paper" first allows a defendant to intelligently ascertain the facts necessary to support the

4

removal petition. 28 U.S.C. § 1446 (b); Whitaker v. American Telecasting, Inc., 261 F.3d 196, 205-206 (2d Cir. 2001). Here, New York's CPLR 3017 permits only a general prayer for relief in personal injury actions and prohibits a claim for a specific amount of damages, see N.Y. CPLR 3017 (c), and Plaintiff's otherwise sparse Complaint and Amended Complaint were insufficient to alert Defendant to the reasonable possibility that the amount in controversy would be greater than $75,000. Further, Defendant is correct that courts have considered discovery responses, including medical records, in determining whether a basis for removal exists. United Food & Commercial Workers Union, 30 F.3d at 305 (where pleading are inclusive, "courts may look outside those pleadings to other evidence in the record"); Vermande v. Hyundai Motor America, Inc., 352 F.Supp.2d 195, 199 (D.Conn. 2004)(same). The parties fail to acknowledge, however, that the Second Circuit has established a bright line test for determining when the amount in controversy jurisdictional threshold has been triggered for the purpose of removal. Moltner v. Starbucks Coffee Co., 624 F.3d 34, 37 (2d Cir. 2010); Noguera v. Bedard, No. 11-CV-4893, 2011 WL 5117598, *1 (E.D.N.Y. Oct. 26, 2011). Pursuant to this test, the amount in controversy is not established, and thus the removal clock does not begin to run, "until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." Moltner, 624 F.3d at 37, citing In re Willis, 228 F.3d 896, 897 (8th Cir. 2000)(removal clock begins to run when complaint "explicitly discloses" amount of damages in excess of federal jurisdictional amount); see Noguera, 2011 WL 5117598, *1 (relying on Moltner to reject argument that amount in controversy could be conclusively based on general allegations of severe and permanent injuries). In Moltner, the Second Circuit noted that, although New York prohibits a specific claim for damages in the

5

complaint or similar pleading, a defendant is permitted to request at any time a supplemental demand setting forth the specific amount of damages sought. Moltner, 624 F.3d at 36, citing N.Y. CPLR 3017 (c). Here, however, neither the Mercy Hospital records received by Defendant on September 1, 2011, nor any other document in the record "explicitly specifies the amount of damages sought." Moltner, 624 F.3d at 37. Accordingly, Defendant has failed to meet its burden because the record does not establish that the amount in controversy exceeds the jurisdictional threshold of 28 U.S.C. § 1332 (a). See United Food & Commercial Workers Union, 30 F.3d at 301. Remand to state court is warranted.

Notably, even if Moltner was not dispositive here, remand would still be appropriate. Defendant asserts that it was not until a complete set of Plaintiff's medical records was compiled on September 1, 2011 that Defendant could assess damages and causation. Hutchinson Affirm. ¶¶ 21-23, 58. Specifically, Defendant asserts that "a detailed examination of Plaintiff's medical records from all providers and sources is crucial because the alleged subsequent incidents could have had a connection to the claimed original incident, in which case damages could be considerable, or have no connection at all, especially since they spanned several years, in which case damages might be relatively small, as they would be isolated to the cut on her leg." Hutchinson Affirm. ¶ 22. This argument fails because "[t]he jurisdictional determination is to be made on the basis of the plaintiff's allegations, not on a decision on the merits." Zacharia v. Harbor Island Spa, Inc., 684 F.2d 199, 202 (2d Cir. 1982); Sarfraz v. Vohra Health Servs, PA, 663 F.Supp.2d 147, 149 (E.D.N.Y. 2009). The relevant question is therefore whether Plaintiff alleged that the injuries in three subsequent falls were causally related, which she did in the January 2011

bill of particulars, not whether Defendants concluded seven months later that the evidence might reasonably support that allegation. See Pl's Bill of Particulars, Docket No. 1, ¶ 8. Because Defendant failed to file a notice of removal within 30 days of the allegations which Defendant now asserts, if proven, could result in substantial damages in excess of the jurisdictional threshold, Plaintiff correctly argues that removal was untimely.

Finally, as Plaintiff notes, according to the documents submitted by Defendant in support of the Notice of Removal, the May 31, 2008 emergency room records from Mercy Hospital were submitted to Defendant in response to New York CPLR Article 31 discovery demands. Compare Docket No. 1 at 20-21 ¶ 7 (noting that records from "Mercy Hospital (5/31/08 ER[)]" were enclosed) with Hutchinson Affirm. Ex 3 (May 31, 2008 Emergency Department records from Mercy Hospital). Defendant admits that the Article 31 responses, including 88 pages of medical records, were received on January 24, 2011. Hutchinson Affirm. ¶ 17. Although Defendant objects to Plaintiff's initial submission of medical records as "carefully selected" and "limited," there is no allegation that the records were not for the dates stated. Hutchinson Affirm. ¶ 12. Accordingly, it is not clear from this record that Defendants did not receive the May 31, 2008 records until September 1, 2011.

### IV. CONCLUSION

In response to Plaintiff's Motion to Remand, Defendants have failed on this record to meet their burden of establishing that federal jurisdiction exists or that removal was timely. This Court will therefore grant that part of Plaintiff's motion seeking remand back to state court but will decline, however, to exercise its discretion to award costs and attorneys' fees pursuant to 28 U.S.C. § 1447 (c).

## V. ORDERS

IT HEREBY IS ORDERED that Plaintiff's Motion to Remand and for associated costs and attorneys' fees (Docket No. 4) is GRANTED in part and DENIED in part, as set forth above;

FURTHER, that the Clerk of the Court is directed to transfer this case to the New York State Supreme Court, County of Erie;

FURTHER, that the Clerk of the Court is directed to take the steps necessary to close this case.

SO ORDERED.

Dated:   June 20, 2012
         Buffalo, New York

                                           /s/William M. Skretny
                                           WILLIAM M. SKRETNY
                                           United States District Judge